UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IZELLE HARRISON,

           Petitioner,

           Case # 20-CV-6270-FPG

  v.

           DECISION AND ORDER

JULIE WOLCOTT, Orleans Corr. Fac.
Superintendent,

           Respondent.

## INTRODUCTION

*Pro se* Petitioner Izelle Harrison is an inmate at the Orleans Correctional Facility serving a state-imposed sentence for grand larceny. ECF No. 1 at 1. He submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, and a motion for a preliminary injunction and temporary restraining order, ECF No. 2. Petitioner claims that the conditions of his confinement render his continued incarceration unconstitutional due to the dangers presented by the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic and seeks immediate release from custody. *Id.* Petitioner filed a motion to proceed *in forma pauperis*, ECF No. 3, but later paid the filing fee; that motion is therefore moot. The Court set an expedited briefing schedule, ECF No. 4, and, before Respondent's time to respond expired, Petitioner filed a motion for summary judgment, ECF No. 6.

Respondent timely filed a motion to: (1) convert the Petition under 28 U.S.C. § 2241 into a petition under 28 U.S.C. § 2254, (2) dismiss the converted Petition for failure to state a claim and for failure to exhaust his state remedies, and (3) stay her deadline to answer the converted Petition. ECF No. 7. Petitioner did not respond, despite being provided with the opportunity to do so.

For the following reasons, the Petition will be converted, and Petitioner will be afforded an opportunity to withdraw the Petition or respond to Respondent's exhaustion argument in support of her motion to dismiss.

## DISCUSSION

### I. Respondent's Motion to Convert the Petition (ECF No. 7)

Respondent argues that relief is unavailable to Petitioner under Section 2241 and, accordingly, the Court must convert the Petition into a request for relief pursuant to Section 2254. ECF No. 7. The Court agrees.

In *Steward v. Wolcott*, No. 20-cv-6282, 2020 WL 2846949 (W.D.N.Y. June 2, 2020), the Court explained its rationale for converting a petition brought under Section 2241, like the one here, to a petition under Section 2254. 2020 WL 2846949, at *1-4. The Court concludes that the same analysis applies in this case, and therefore, will briefly recount the Court's findings in *Steward*.

Section 2254 provides that the Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). Section 2241 more broadly extends to any prisoner "in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2241(c)(3). Generally speaking, "Section 2241 is not an independent and separate avenue of relief but is to be read in conjunction with the requirements of [Section] 2254, which are 'a limitation on the general grant of jurisdiction conferred in [S]ection 2241 that applies to cases involving prisoners subject to state court judgments.'" *Torres v. Cronin*, No. 19-CV-6462, 2019 WL 6001000, at *1 (W.D.N.Y. Nov. 14, 2019) (quoting *Rittenberry v. Morgan*, 468 F.3d 331, 338 (6th Cir. 2006)).

Accordingly, "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [S]ection 2241, the district court must treat it as a [S]ection 2254 application instead." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277 (2d Cir. 2003). Whether the Petition appropriately falls under Section 2241 or 2254 is not a mere formality. Section 2254 contains a strict statutory exhaustion requirement and bars relief "unless the 'applicant has exhausted the remedies available in the courts of the State' or 'there is an absence of available State corrective process.'" *McPherson v. Lamont*, No. 20-CV-534, 2020 WL 2198279, at *4 n.2 (D. Conn. May 6, 2020) (quoting 28 U.S.C. § 2254(b)(1)(A)). Section 2241 is subject to a judge-made exhaustion requirement. *Id.*; *Elleby v. Smith*, No. 20-CV-2935, 2020 WL 2611921, at *4 n.3 (S.D.N.Y. May 22, 2020). Compared to Section 2254's exhaustion requirement, Section 2241's exhaustion requirement may be easier to avoid in light of the current pandemic. *Compare McPherson*, 2020 WL 2198279, at *7 (excusing exhaustion under Section 2241 "in light of the extraordinary circumstances presented by the COVID-19 pandemic"), *with Money v. Pritzker*, Nos. 20-CV-2093, 20-CV-2094, 2020 WL 1820660, at *21 (N.D. Ill. Apr. 10, 2020) (holding that Section 2254's exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"), *and Griffin v. Cook*, No. 20-CV-589, 2020 WL 2735886, at *2-3 (D. Conn. May 26, 2020) (refusing to consider Section 2254 petition as a Section 2241 petition and dismissing Section 2254 petition for failure to exhaust).

In *Cook*, the Second Circuit explained that "[a] state prisoner . . . not only may, but according to the terms of [S]ection 2254 must, bring a challenge to the execution of his or her sentence . . . under [S]ection 2254." 321 F.3d at 278.

3

The Court concludes that Petitioner challenges the execution of his sentence.  Petitioner—a state prisoner—seeks immediate release from custody based on the conditions of his confinement, which he alleges are unconstitutional.  ECF No. 1 at 1.  Although it appears that the Second Circuit has not explicitly considered the issue with respect to state prisoners, the Second Circuit has specified that conditions of confinement claims by federal prisoners relate to the execution of their sentences.  *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (noting that matters relating to the execution of a federal sentence include "the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and *prison conditions*" (omission in original, internal quotation marks omitted)).  "There is no reason to conclude differently in the context of a state prisoner's prison conditions-based claim under Section 2254."  *Llewellyn v. Wolcott*, No. 20-CV-498, 2020 WL 2525770, at *3 n.6 (W.D.N.Y. May 18, 2020).  Because the Court determines that Petitioner challenges the execution of his state-imposed sentence, it follows that the Petition must be brought under Section 2254.  *James*, 308 F.3d at 167.

The Court does not reach this conclusion lightly.  Indeed, in *Steward*, the Court addressed the varying authority within district courts in this Circuit and concluded that the Court is bound by the Second Circuit's holding in *Cook* and the plain language of Section 2254.  2020 WL 2846949, at *2-4.  As other judges have found in similar cases in this District and this Circuit, Petitioner's claim regarding his conditions of confinement must be brought under Section 2254. *See Griffin*, 2020 WL 2735886, at *4-5 (collecting cases); *Dafoe v. Wolcott*, No. 20-CV-6269, 2020 WL 2703448, at *1-2 (W.D.N.Y. May 26, 2020); *Brooks v. Wolcott*, No. 20-CV-516, 2020 WL 2553030, at *3-4 (W.D.N.Y. May 20, 2020); *see also Jenkins v. Duncan*, No. 02-CV-673, 2003 WL 22139796, at *3 (N.D.N.Y. Sept. 16, 2003) ("Since Jenkins is a state prisoner challenging the execution of his sentence, this proceeding is properly considered under, and is necessarily subject

4

to, the laws governing habeas petitions brought under 28 U.S.C. § 2254."). Accordingly, Respondent's motion to convert the Petition is GRANTED.

## II.     Opportunity to Withdraw

Because 28 U.S.C. § 2244 imposes limitations on "second or successive" Section 2254 petitions, courts must typically "provide[] notice and an opportunity to withdraw a petition improperly filed under [Section] 2241 before the district court converts it to a [Section] 2254 petition." *Dafoe*, 2020 WL 2703448, at *1-2 (internal quotation marks omitted); *see also Cook*, 321 F.3d at 281-82. Accordingly, the Court advises Petitioner of its intent to convert his Section 2241 petition into a Section 2254 petition. As a result of such conversion, any subsequent Section 2254 petition *may* be subject to restrictions. *See* 28 U.S.C. § 2254(b). The Court further advises Petitioner that he may withdraw the Petition without prejudice to avoid conversion.

## III.    Respondent's Motion to Dismiss (ECF No. 7)

Respondent moves to dismiss the converted Petition on the grounds that (1) the proper vehicle for Petitioner's claims is 42 U.S.C. § 1983 but that his "request for release on the basis of conditions of confinement is not cognizable" under Section 1983 and (2) the Petition arises under Section 2254 but is unexhausted. ECF No. 7-5. The Court finds the first argument confusing, if not disingenuous.

In *Steward v. Wolcott*, the Court considered and rejected the argument that relief under 42 U.S.C. § 1983 was available to a petitioner who, like here, is in state custody and, due to conditions of confinement, seeks release as his sole remedy. 2020 WL 2846949, at *4 n.5; *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a

writ of habeas corpus."); *see also Llewellyn*, 2020 WL 2525770, at *4 (holding that petitioner had not stated a Section 1983 claim where he sought release and transfer to post-release supervision) (citing *Evil v. Whitmer*, No. 20-cv-343, 2020 WL 1933685, at *2-3 (W.D. Mich. Apr. 22, 2020) ("[T]he relief Petitioner seeks—release from custody—is available only upon habeas corpus review.")). Therefore, the Court agrees that the relief Petitioner seeks is not available under 42 U.S.C. § 1983.

However, the unavailability of such relief under Section 1983 does not foreclose the relief Petitioner seeks under Section 2254. As explained above, the Second Circuit has concluded that a prisoner may challenge his or her conditions of confinement via a habeas petition. *Thompson*, 525 F.3d at 209. The Court declines to treat the Petition as seeking relief under Section 1983 just to dismiss it for failure to state a cognizable claim. Accordingly, Respondent's motion to dismiss is DENIED to the extent it seeks dismissal of the Petition on Section 1983 grounds.

The Court will not address Respondent's remaining argument for dismissal for failure to exhaust until after Petitioner has the opportunity to withdraw the Petition and to respond to Respondent's arguments.

### IV. Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 2)

Petitioner seeks a temporary restraining order or preliminary injunction compelling his immediate release from state custody. ECF No. 2.

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distribution Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (internal quotation marks omitted). A court may grant a motion for a preliminary injunction if the movant establishes "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the claims to

make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Allah v. Piccolo*, No. 16-CV-177-FPG, 2018 WL 2381886, at *2 (W.D.N.Y. May 25, 2018).

Petitioner has not demonstrated a likelihood of success on the merits or sufficiently serious questions going to the merits of his claims because it appears Petitioner's claims, construed under Section 2254, are unexhausted. *See Jackson v. Capra*, No. 14 CIV. 202 GBD GWG, 2015 WL 367085, at *7 (S.D.N.Y. Jan. 28, 2015) ("Here, [Petitioner] cannot demonstrate any likelihood of success or serious questions favoring his position on the merits of the petition because the petition must be dismissed due to his failure to exhaust."), *report and recommendation adopted*, 2015 WL 1064900 (S.D.N.Y. Mar. 2, 2015). Although the Court will afford Petitioner an opportunity to respond to the remaining argument in the motion to dismiss if he chooses not to withdraw the Petition, Petitioner does not meet the standard for a temporary restraining order or preliminary injunction.

## V.     Petitioner's Motion for Summary Judgment (ECF No. 6)

Petitioner moves for summary judgment and default judgment, arguing that Respondent "failed to respond" to the Petition on time. ECF No. 6 at 4. The scheduling order provided Respondent with 10 days from Petitioner's payment of the filing fee to respond to the Petition. Here, Petitioner paid the filing fee on May 11, 2020, and Respondent filed her motion on May 21, 2020—10 days later. Accordingly, Respondent's motion was not late.

## CONCLUSION

For the foregoing reasons:

1.     Respondent's motion to convert the Petition is GRANTED.

2.     If Petitioner wishes to withdraw the Petition without prejudice, he must inform the Court

in writing no later than **June 18, 2020**.  If he fails to so inform the Court, the Petition will be converted to a Section 2254 petition without further order or action by the Court.

3. If Petitioner fails to withdraw the Petition and it is converted to a Section 2254 petition, by **June 25, 2020**, Petitioner shall respond to Respondent's remaining argument in her motion to dismiss, *i.e.*, that the Petition should be dismissed because Petitioner failed to exhaust state remedies.

4. Respondent's motion to dismiss is DENIED to the extent it seeks dismissal of the Petition on Section 1983 grounds.

5. The Court will not rule on that part of Respondent's motion to dismiss pertaining to Petitioner's alleged failure to exhaust under Section 2254 until Petitioner has an opportunity to respond to the motion.

6. Respondent's motion to stay the deadline to answer the Petition while the motion to dismiss is pending is GRANTED.

7. Petitioner's motion for a preliminary injunction and a temporary restraining order, ECF No. 2, is DENIED.

8. Petitioner's motion to proceed *in forma pauperis*, ECF No. 3, is DENIED AS MOOT.

9. Petitioner's motion for summary judgment, ECF No. 6, is DENIED.

IT IS SO ORDERED.

Dated: June 4, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court