UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IZELLE HARRISON,

        Petitioner,

   v.

JULIE WOLCOTT**,** Orleans Corr. Fac.
Superintendent,

        Respondent.

Case # 20-CV-6270-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Petitioner Izelle Harrison is an inmate at the Orleans Correctional Facility serving a state-imposed sentence for grand larceny.  ECF No. 1 at 1.  He submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, claiming that the conditions of his confinement render his continued incarceration unconstitutional due to the dangers presented by the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic and seeks immediate release from custody. *Id.*

Respondent timely filed a motion to: (1) convert the Petition under 28 U.S.C. § 2241 into a petition under 28 U.S.C. § 2254, (2) dismiss the converted Petition for failure to state a claim and for failure to exhaust his state remedies, and (3) stay her deadline to answer the converted Petition.  ECF No. 7.

On June 4, 2020, the Court granted the motion to convert and the motion to stay and denied the motion to dismiss for failure to state a claim.  ECF No. 8.  The Court provided Petitioner with an opportunity to withdraw the Petition by June 18, 2020 or respond to Respondent's motion to dismiss the converted Petition for failure to exhaust by June 25, 2020.  Petitioner did neither.  The only remaining issue is whether the Petition should be dismissed for failure to exhaust state

1

remedies.

For the following reasons, Respondent's motion to dismiss the Petition is GRANTED.

## DISCUSSION

Respondent argues that relief is unavailable to Petitioner under Section 2254 because he has failed to exhaust state remedies.  ECF No. 7-5 at 7-9.  The Court agrees.

Section 2254 contains a strict statutory exhaustion requirement barring relief unless the "applicant has exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").  A petitioner has exhausted his constitutional claims if he has "presented [them] to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (*citing Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

Petitioner does not claim that he has exhausted his available state court remedies.  ECF No. 1; *see* ECF No. 7-5 at 7-9.  Indeed, Petitioner apparently has not even attempted to bring his action in state court.  Nor does Petitioner argue that a state process is unavailable or that circumstances render that process ineffective.  Although New York state courts have implemented limitations related to COVID-19, those limitations do not apply to "emergency applications related to the coronavirus."  ECF No. 7-5 at 9; *Brady v. Wolcott*, Nos. 20-CV-580, 19-CV-1280, 2020 WL 3270378, at *6 (W.D.N.Y. June 17, 2020) ("Indeed, New York state courts have received, and resolved, claims and petitions seeking release from state custody in connection with the COVID-19 pandemic." (collecting cases)); *see also Money v. Pritzker*, Nos. 20-CV-2093, 20-CV-2094,

2020 WL 1820660, at *21 (N.D. Ill. Apr. 10, 2020) (holding that Section 2254's exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]").  As other courts in this Circuit have found in similar contexts, Petitioner must exhaust state remedies.  *Steward v. Wolcott*, No. 20-CV-6282-FPG, 2020 WL 3574617, at *3 (W.D.N.Y. July 1, 2020) (collecting cases).  Because Petitioner failed to do so here, the Petition must be dismissed.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss for failure to exhaust state remedies, ECF No. 7, is GRANTED, and the Petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: July 8, 2020
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court